ALBERT W. GUNN'S APPEAL FROM PROBATE.

New Haven & Fairfield Cos., June T., 1893. ANDREWS, C. J., CARPEN-
TER, TORRANCE, FENN and BALDWIN, Js.

A will was contested upon the ground of undue influence used upon the
testator to induce him to make his will in favor of certain relatives of
his wife to the exclusion of his own relatives. Held that evidence was
admissible in support of the will that the property disposed of by it
had, previous to the making of the will, been given to the testator by
his wife, since deceased, by her will, and by her sister by deed, and
that at the time they expressed to the testator their desire that on his
death the property should be given to their relatives.

[Argued June 7th—decided July 6th, 1893.]

APPEAL from a probate decree approving the will of Ste-
phen Hawley; taken to the Superior Court in Fairfield Coun-
ty, and tried to the jury before *Thayer, J.* Verdict sustaining
the will, and appeal by the original appellant for error in
the ruling of the court as to evidence. The case is fully stat-
ed in the opinion.

*S. Tweedy* and *R. J. Shadbolt*, for the appellant.

*S. Judson, Jr.*, for the appellees.

FENN, J. The record presents only a single question for
our consideration. The appellant, who was a nephew and
one of the next of kin and heirs at law of Stephen Hawley,
deceased, opposed the probate of the will of said Hawley,
which disposed of an estate of about $40,000 without men-
tioning the appellant; and upon the trial to the jury, in the
Superior Court he claimed, and offered evidence to prove
want of capacity in the testator, and undue and improper
influence exerted over him by and in behalf of those claiming
under the will. The appellee claimed and offered evidence
to the contrary. It appeared from the evidence, and was
undisputed, that substantially the entire estate of the testa-

tor was acquired by him by will from his wife, and by deed from his wife's sister, both of whom died about nine months before he did; and that the legatees to whom the bulk of the estate was given by the will were blood relations of the testator's wife and her sister. After the appellant had closed his case, the appellee claimed, and offered evidence to prove, that at the time Mrs. Hawley executed her will, and her sister executed her deed, (which was on March 17th, 1890, seventeen months before the testator executed his will in question, and about two years before his death) "they were made with the verbal request and understanding that, upon the death of the testator, all of their estate so willed and conveyed should go to his wife's relations."

Among the witnesses offered by the appellee was John A. Foster, who testified in substance that he was present as a witness when the will of Mrs. Hawley and the deed were executed, and that it was then and there stated by Mrs. Hawley or her sister, or by both, in Mr. Hawley's presence, that the property then willed and conveyed to him would at his death go back to his wife's relations on her mother's side; and that it was all so arranged.

To this evidence the appellant objected, upon the ground that it was irrelevant and immaterial. The court overruled the objection and admitted the evidence, upon the ground that it tended to show the mental condition of the testator—whether undue influence was exercised upon him or not by the beneficiaries under the will. The appellant excepted to this ruling. Was it correct?

It is the claim of the appellant that the evidence admitted was a mere declaration of Mrs. Hawley or her sister, or both, made at the time when they executed the will and deed, and solely in reference thereto, that is, as to their effect; that it was not admissible thus to vary or affect the legal relations of the testator to his property, as the absolute owner thereof by virtue of the operation of those instruments, with full power and right to dispose of it as he pleased; and that the validity or construction of the dispositions of the wife and her sister were not on trial before the court and jury in this case.

It is the further claim of the appellant that this evidence was merely hearsay; that it was not a declaration made by or to the testator; that he said nothing and was not asked to say anything; that his silence indicated nothing; that it was not a request but a positive declaration of an agreement made. And finally the appellant claims that the evidence was inadmissible because the declaration was too vague, uncertain and indefinite to be relevant and material to the issue.

· In reference to these claims we will say that, while it is too clear for discussion that the appellant is correct in the assertion that no issue concerning the validity or effect of the dispositions of property made to the testator by his wife and sister was or could be before the court or jury in the case, and that the evidence was not admissible for such purpose; yet we find nothing whatever in the record to indicate that it was offered or received with such object. On the contrary, its reception was expressly upon the ground that it tended to show the mental condition of the testator, as to whether he was or was not dominated by undue influence exercised upon him by the beneficiaries under the will. It is conceded by the appellant that for this purpose, and to rebut the charge made against the beneficiaries, proof by competent evidence of the source from which the testator derived his property, and of his declarations in regard to the same, would be admissible. And the appellant cites the following language used in Schouler on Wills (2d edition, sec. 242, note 2) : — "Evidence showing through what line of relatives, or from what sources the fortune bequeathed was derived or favors received, may have a bearing upon the natural or unnatural character of the disposition." Now since the "natural or unnatural character of the disposition" is a relevant inquiry, and evidence of the source from which the property was derived is admissible because it tends to throw light upon that inquiry, any other evidence having the same clear tendency would seem to be equally admissible upon like ground and for like purpose. Can it be doubted that the declarations of the donors of the property to the testator, made in his presence, and at the very time of such donation, as to the ultimate disposal of such property, clearly denoted their desire

concerning such final disposition, his full knowledge of such desire, and the naturalness of his own disposition so far forth as it was in consonance with such wish? It seems to us that to state the question thus is to answer it; that it cannot be doubted, and that the evidence was relevant and competent for that purpose. The weight of the testimony was of course exclusively for the jury to determine, although we fully agree with the appellant in saying that it must have had substantial weight, and that " its tendency was to arouse the sympathy and influence the judgment of the jurors." Such would be the natural tendency of such evidence, because reason would approve and the sense of justice commend the disposition made by the donee of property so acquired, conformably to the known wishes of its donors, to and among those of their blood and the presumptive natural objects of their bounty. Such being our views, it would seem manifest that the further claims of the appellant to which we have referred require no separate answer.

Although the citation of authorities does not seem necessary, it may be added that the case of *Glover v. Hayden*, 4 Cushing, 580, to which reference was made by counsel on both sides, seems much in point. The head note is as follows: " On an issue submitted to a jury, whether an instrument purporting to be the last will and testament of one deceased was procured to be made by the undue and unlawful influence of the residuary legatee therein named, evidence having been introduced to prove the affirmative of the issue, it was held that evidence was admissible on the other side that a large part of the property of the testatrix was derived by her by inheritance from her minor son, who died many years previous, and who was greatly attached to the residuary legatee, and had frequently expressed his intention, if he should attain the age of twenty-one years, to leave the bulk of his property to him, and that this intention was known to the testatrix."

There is no error in the judgment appealed from.

In this opinion the other judges concurred.